| |
| --- |
| **Park Premium Enter. Inc. v Kahan** |
| 2024 NY Slip Op 33306(U) |
| September 19, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 505980/2019 |
| Judge: Wayne P. Saitta |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 29 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 19th day of September 2024.

P R E S E N T:

HON.   WAYNE SAITTA, Justice.

------------------------------------------------------------X

PARK PREMIUM ENTERPRISE INC.
D/B/A PARK DEVELOPERS & BUILDERS,

                              Plaintiff

        -against-

JOSEPH KAHAN, ESTHER KAHAN, WELLS
FARGO N.A. as mortgagee, and WORLD WIDE
PLUMBING

                              Defendants

------------------------------------------------------------X

Index No. 505980/2019

Decision and Order
MS #16 and MS #18

The following papers read on this motion:

|  | NYSCEF Doc Nos |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Affidavits (Affirmations) and Exhibits | 308-316 |
| Cross-motions Affidavits (Affirmations) and Exhibits | 320-321 |
| Answering Affidavit (Affirmation) | 332-334 |
| Reply Affidavit (Affirmation) | 335-336 |
| Supplemental Affidavit (Affirmation) |  |

Plaintiff has moved to reargue and renew the decision and order of this Court dated, January 9, 2024 in which the Court dismissed its complaint and vacated its mechanics lien. Defendants have cross-moved that in the event the Court grants Plaintiff's motion that Defendants be granted leave to reargue and upon reargument, granting Defendants' a judgment pursuant to Lien Law §39 and other relief.

1 of 5

[* 1]

Plaintiff originally commenced this action to foreclose on a mechanics lien in the amount of $56,229.87 for work on Defendants' property which it alleged Defendants failed to pay.

Defendants' contracted Plaintiff to renovate their residence. The contract between the parties provides that Defendants were to pay Plaintiff (1) a general contractors fee of $210,000 above costs, (2) all construction costs, and (3) a 33% markup on all labor costs when Plaintiff uses its own employees.

In its January 9, 2024 decision the Court granted Defendant's summary judgment dismissing the complaint and vacating the lien.

Part of the lien was based on invoices submitted by a subcontractor Best Enterprise USA Inc. (Best Enterprise) which contained a markup of 33% added to the hourly charges for Best Enterprise's employees. The Court held that the contract only permitted a 33% markup for PARK PREMIUM's own employees and the Best Enterprise employees were not employees of PARK PREMIUM.

The Court dismissed the complaint because the $92,643.73 markup on the Best Enterprise charges was more than the $56,229.87 claimed in the mechanics lien.

**Plaintiff's motion to reargue**

Plaintiff argues that the Court was mistaken in finding that the Best Enterprise employees were not employees of Plaintiff PARK PREMIUM. As set forth more fully in the decision Plaintiff's principal, Aaron Lebovits, conceded that he was neither the principal nor owner of Best Enterprise.   The language of the contract was unambiguous and provided that the 33% mark-up applied only to employees of PARK PREMIUM.

2

[* 2]

Whether or not the work of the Best Enterprise employees might have been directed by Park Premium, the contract herein made no provision for staff provided by Best Enterprise to be treated as employees of PARK PREMIUM for the purposes of the contract.

**Plaintiff's motion to renew**

Plaintiff asserts that new evidence establishes that it was the intention of the parties that the 33% mark-up apply to Best Enterprise employees, citing 1) the July 10, 2023 deposition testimony of Isaac Gombo, who is the general manager of PARK PREMIUM; 2) the February 27, 2024 affidavit of William Zumba, the owner of Best Enterprise; and 3) the February 8 2024, affidavit of Peshe Porges, administrative assistant and billing coordinator for PARK PREMIUM.

None the three constitute newly discovered evidence.

Gombo and Porges are employees of PARK PREMIUM and Plaintiff offered no reason they could not have provided an affidavit before the motion was submitted.

Zumba is an owner of Best Enterprise and he states in his affidavit that Best Enterprise existed as an entity solely to provide laborers for PARK PREMIUM. Plaintiff has not demonstrated that given the purported relationship between PARK PREMIUM and Best Enterprise why could not obtain his affidavit in in time to submit in response to the original motion for summary judgment.

Gumbo's deposition testimony and the affidavits constitute parole evidence that does not provide basis to alter the clear and unambiguous language of the contract.

Further, the Porges affidavit, offered in response to the Courts noting in the decision that the Best Enterprise invoices did not indicate that a 33% mark-up was being added to the charges, unlike the Metro Electrical invoices, does not contradict the Court's

3

[* 3]

finding. Porges affidavit does not state that the Best Enterprise invoices indicated that there was a mark-up, Porges merely alleges that it would have been possible to determine that a mark-up was added by comparing the invoice total charges to the time records of the Best Enterprise employees, that had been provided.

The time records consisted of 38 pages of individual entries of the number of hours of each worker. It did not contain a total number of the number of hours listed. It did not contain the total amount charged for those hours, or the hourly rate applied.

The invoice appended to Porges affirmation did not indicate a 33% markup, it only listed a total amount charged.

To determine that a 33% markup was being added Defendants would have had to total the 39 pages of individual entries, apply the proper hourly charge and then somehow determine that any discrepancy was due to an unlisted markup. This is too attenuated to constitute an implied consent to the mark up being applied to Best Enterprise employees.

**Defendants' cross-motion**

Defendants cross-move for reargument in the event that Plaintiff's motion is granted and upon reargument seeks an order granting that portion of Defendants' prior motion which sought a judgment against Plaintiff in the amount of $56,229.87 (the amount of the mechanic's lien) pursuant to Lien Law §39, for willfully filing an exaggerated mechanic's lien.

Defendants argue that the court did not address that portion of their motion. The court did not address the part of the motion because Defendants never asserted a counterclaim for a judgment pursuant to Lien Law §39 in a pleading.

Further, as Plaintiff's motion is being denied, Defendants' cross-motion for relief in the event Plaintiff's motion was granted is moot.

4

[* 4]

WHEREFORE, it is hereby ORDERED that Plaintiff's motion to reargue and renew is denied; and it is further,

ORDERED, that Defendants' cross-motion is denied.

This constitutes the decision and order of this Court.

E N T E R:

_____

JSC

5